OPINION
Defendant-appellant, Myron D. Britton, Jr., appeals from the February 16, 1999 judgment entry of the Franklin County Court of Common Pleas adjudicating appellant a sexual predator pursuant to R.C. Chapter 2950. For the reasons that follow, we reverse.
Appellant is a serial rapist convicted in 1975 of multiple counts of rape, kidnapping, aggravated burglary, aggravated robbery, and felonious assault. He is currently serving a sentence of imprisonment of twenty-four to one hundred thirty years. Appellant has a prior record from Florida dating back to 1961 for offenses such as breaking and entering, escape, contributing to the delinquency of a minor, unnatural and lascivious acts, concealing identity, and threatening complaints.
On February 12, 1999, the trial court conducted a sexual predator hearing pursuant to R.C. 2950.09(C). At the hearing, the state introduced copies of the indictments and the sentencing entries for the offenses for which appellant is currently imprisoned. The state also introduced a copy of portions of appellant's master file from the Department of Rehabilitation and Corrections, containing several evaluations of appellant. The state also introduced a copy of a 1985 "post-sentence" investigation by the State of Ohio, Adult Parole Authority, Probation Development Section. The state presented no other evidence at the hearing.
The defense presented no evidence; counsel merely noted the 1996 evaluation contained the sentence, "I don't feel he is capable of doing the offenses he was incarcerated for." (Tr. 6.) Defense counsel also noted that appellant had open-heart surgery and was "barely capable of walking." (Tr. 7.)
The trial court made the following statement in finding appellant to be a sexual predator:
 Based on the number of sexual violations that are in his background, I would have no doubt that if he is physically capable, there would be a serious danger of repetitious behavior. With the wonders of modern medical science, in the event that he would recover fully, then I would think that there would be a propensity to reoffend, so I'm going to find that he should be designated as a predator. [Tr. 7.]
Appellant appealed, raising the following single assignment of error:
 THE TRIAL COURT ERRED WHEN IT DETERMINED THAT THE APPELLANT WAS A SEXUAL PREDATOR WHEN THE EVIDENCE FAILED TO ESTABLISH THAT THE APPELLANT IS LIKELY TO COMMIT A SEXUALLY ORIENTED OFFENSE.
R.C. 2950.01(E) defines a "Sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Certain registration and verification of address requirements and public notification provisions apply to a person who is adjudicated to be a sexual predator. See, generally, R.C. 2950.04, 2950.06, 2950.07,2950.10, and 2950.11.
Pursuant to R.C. 2950.09(B) and (C), a trial court holds a hearing to determine whether an incarcerated defendant who has been convicted of a sexually oriented offense is a sexual predator by clear and convincing evidence. In so doing, the trial court considers all "relevant factors," including, but not limited to, the following specific factors:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct. [R.C. 2950.09(B)(2).]
As this court recently stated, an appellate court, in reviewing a finding that appellant is a sexual predator "must examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the clear and convincing standard." State v. Johnson (Sept. 24, 1998), Franklin App. No. 97APA12-1585, unreported (1998 Opinions 4551, 4558); see, generally, State v. Harden (Oct. 29, 1998), Franklin App. No. 98AP-223, unreported (1998 Opinions 4961). Clear and convincing evidence is "`that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" Cincinnati Bar Assn. v. Massengale (1991),58 Ohio St.3d 121, 122 (quoting Cross v. Ledford [1954],161 Ohio St. 469, paragraph three of the syllabus).
Appellant contends that the evidence adduced below was insufficient to support a conclusion that he is likely to engage in a sexually oriented offense in the future. We agree.
The trial court based its decision, either explicitly or implicitly on the grounds that: (1) appellant's past behavior shows he is likely to reoffend; (2) his current physical condition is such that he cannot; but, (3) due to the wonders of modern medicine he may someday be fully recovered and at that time would be likely to reoffend. There is little doubt that appellant's criminal history would warrant a determination that appellant would commit another sexually oriented offense. As this court has stated, past behavior is often an important indicator of future propensity. State v. Daniels (Feb. 24, 1998), Franklin App. No. 97AP-830, unreported (1998 Opinions 368, 374), affirmed (1998),84 Ohio St.3d 12.
However, the real issue in this case, and what the trial court focused on, is whether appellant's current physical health made it likely that he would be likely to commit another sexually oriented offense. The trial court made certain statements: "if he is physically capable," and "with the wonders of modern medical science, in the event he would recover fully." The only logical conclusion one can draw from these statements is that the trial court found that appellant's physical condition is such that he is presently incapable of committing another sexually oriented offense.
The only evidence in the record supports this finding. Appellant was fifty-six years old at the time of the hearing. State's exhibit 5 indicates that:
 * * * The patient had a triple bypass surgery in July of 1995 and after surgery he was informed he would not live a normal lifespan and would probably live two to six more years. He can't run, work, get in stressful situations, or drive. He also says that he cannot have sex. * * * His impending death and physical condition seem to have had a strong effect on him. * * *
 * * * Apparently, the patient has had many heart attacks. Apparently, the patient can only walk on his own on very short distances such as 50 feet. He can go no further because he will become short of breath and weak. I don't feel he is capable of doing the offenses he was incarcerated for.
 The patient is in a wheelchair * * * [h]is psychomotor activities are within normal limits. * * *
Therefore, the state's own evidence supports the trial court's determination that appellant is unable to commit a sexually oriented offense in the future because of his failing health.
The state cites State v. Ferguson (Mar. 31, 1998), Franklin App. No. 97APA06-858, unreported (1998 Opinions 985), for the proposition that this court has rejected evidence that advance age and failing health lessen the danger of reoffense. However, in Ferguson, we specifically found that appellant was already in his sixties when he committed the offenses for which he was convicted and, thus, his age did not deter him from committing sexually oriented offenses. Here, the only evidence in the record is that appellant is not capable of committing the types of offenses for which he was convicted. The state, which bears the burden of proof in these determinations, has not presented any evidence that appellant is likely to recover from his heart condition or that appellant is physically capable of committing another sexually oriented offense. Rather, the evidence the state did present supports the opposite conclusion.
The state also points to evidence in the record that appellant has been unable to enroll in a sex offender program, that he taped the victims' mouths, tied them up with clothesline, and threatened them with harm if they did not do as they were told. While there is evidence in the record from which the trial court could have found several of the factors in R.C.2950.09(B)(2) apply to appellant, the trial court did not speak to those factors in making its determination. The trial court specifically stated in the judgment entry that it found appellant to be a sexual predator "for the reasons stated on the record at the conclusion of that hearing." (Entry of Feb. 16, 1999.)
In the absence of any competent and credible evidence that appellant could recover with the aid of modern medicine, there is a lack of sufficient evidence to support the trial court's finding. The assignment of error is well-taken and is sustained.
Based on the foregoing, appellant's single assignment of error is sustained and the judgment of the Franklin County Court of Common Pleas is reversed and remanded to that court for preparation of an entry consistent with this opinion.
Judgment reversed and remanded with instructions.
TYACK, J., concurs.
KENNEDY, J., dissents.